UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SFG EQUIPMENT LEASING CORPORATION I, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) CAUSE NO. 3:03-CV-883 RM ) |
| BEN D. HICKS, | ) ) |
| Defendant | ) |

OPINION and ORDER

Two motions pend in this action: defendant Ben Hicks' request for reconsideration of the August 4, 2004 order in which Magistrate Judge Christopher Nuechterlein granted the plaintiff's motion to strike Mr. Hicks' jury demand, and the motion of plaintiff SFG Equipment Leasing Corporation I for partial summary judgment on the issue of liability on its claims against Mr. Hicks. The court addresses the motions separately below.

*Defendant's Appeal of August 4 Order*

Mr. Hicks timely filed, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), his objection to the striking of his jury demand. Mr. Hicks says the Magistrate Judge's order is clearly erroneous and contrary to law based his claim that "the waiver of jury clause is contained <u>in the arbitration clause</u>." Deft. Obj., ¶ 7(d) (emphasis in original). According to Mr. Hicks, allowing the

August 4 order to stand would force this court to take an inconsistent position of enforcing "a portion of the clause in the contract (the jury waiver portion of the ADR clause) that the movant claims was waived (the ADR clause)." *Id.*

The court cannot agree. The Continuing Guaranty of Payment reads as follows:

> Except as otherwise provided in this paragraph, the parties hereto waive litigation and agree that the sole procedure for resolving every claim or dispute in connection with this Guaranty shall be by applying the methods set forth in the Indiana Rules for Alternative Dispute Resolution (ADR) at the Bank's office in 60 day increments as follows: (1) conduct mediation or mini-trial if all parties agree with each party bearing an equal share of the costs and (ii) submit unresolved issues to binding arbitration at which time the arbitrator will dismiss claims based on Indiana law that are beyond an applicable statute of limitations or that do not constitute a cause of action. If necessary, a part may commence an action in Indiana to compel ADR. Judgment on an ADR award with costs may be entered in any court with jurisdiction. The provisions of this paragraph shall be specifically enforceable in any court having jurisdiction. This ADR provision is for the purpose of saving the parties the time and expense of litigating issues and is intended to benefit all parties hereto.
>
> Due to the high cost and time involved in commercial litigation before a jury, guarantors waive all right to a jury trial on all issues in any action or proceeding relating to this guaranty, the indebtedness, the transactions evidenced thereby, or any documents executed in connection therewith, and no attempt shall be made to consolidate, by counterclaim or otherwise, any such action or proceeding with any other action or proceeding in which there is a trial by jury or in which a jury trial cannot be or has not been waived.

Compl., Exh. 2. The paragraph addressing ADR contains no language relating to a jury trial, and the paragraph addressing the waiver of the right to a jury trial contains no language relating to ADR. The agreement to waive the right to a jury

2

trial isn't found in the ADR paragraph or clause and enforcement of that waiver isn't tied to the ADR provisions of the contract.

Mr. Hicks hasn't demonstrated that the August 4 order is clearly erroneous or contrary to law. His objection to that order is OVERRULED, and his request that the order be modified or set aside is DENIED [docket # 29].

*Plaintiff's Partial Summary Judgment Motion*

SFG served its summary judgment motion on Mr. Hicks' counsel on December 13, 2004. On February 18, Mr. Hicks' counsel withdrew, and SFG advised Mr. Hicks, in accordance with Rule 56.1(e) of the Local Rules of the United States District Court for the Northern District of Indiana and pursuant to Kincaid v. Vail, 969 F.2d 594 (7th Cir. 1992), and Lewis v. Faulker, 689 F.2d 100 (7th Cir. 1982), of his obligation to respond to summary judgment motion. When no response was forthcoming from Mr. Hicks, SFG filed its motion on March 7, and the motion is ripe for ruling.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of

3

material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *(quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

The claims of the complaint relate to a loan agreement between 1st Source Bank and Ben Hicks Aviation, Inc. for the purchase of an aircraft by Ben Hicks Aviation. According to the complaint, 1st Source loaned Ben Hicks Aviation more than $2 million, which was guaranteed by Ben Hicks based on the Continuing Guaranty of Payment agreement signed by Mr. Hicks as "Individual Guarantor" of the loan. The Continuing Guaranty of Payment agreement provides that "upon failure of [Ben Hicks Aviation, Inc.] so to pay, [Ben Hicks] . . . promise[s] to pay all indebtedness to [1st Source] Bank on demand together with all expenses of

4

enforcing this Guaranty, including attorneys' and legal assistants' fees, legal expenses, and all other costs of collection." Compl., Exh. 2.

1st Source Bank assigned its rights in the security and continuing guaranty agreements to SFG. SFG says the loan amount is past due and owing, and neither Ben Hicks Aviation nor Mr. Hicks has paid the debt. SFG reports that demand letters were sent to Mr. Hicks, but Mr. Hicks has refused to repay the loan or cooperate in the alternative dispute resolution procedures of the guaranty. SFG submitted the affidavit of Richard Rozenboom, Vice President of 1st Source Bank and Vice President of SFG Equipment Leasing Corporation I, stating that "[d]espite demand for payment, both Ben Hicks Aviation and [Mr.] Hicks failed to pay the sums due and owing, and failed to respond to the ADR request before SFG filed suit on Decmeber 5, 2003." Pltf. Br., Exh. 1, ¶ 10. SFG concludes that because Mr. Hicks breached his personal guaranty, SFG is entitled to summary judgment on the issue of liability.

Mr. Hicks doesn't dispute SFG's claims: he hasn't challenged the validity of the Aircraft Security Agreement or the Continuing Guaranty of Payment agreement; he hasn't argued or claimed that he's not liable; and he hasn't come forward with evidence to create a genuine issue of material fact or to show that SFG isn't entitled to judgment as a matter of law.

Accordingly, the court GRANTS the motion of SFG for partial summary judgment on the issue of liability [docket # 50].

SO ORDERED.

5

ENTERED:   May 9, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court