UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SFG EQUIPMENT LEASING CORPORATION I, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CAUSE NO. 3:03-CV-883 RM |
| BEN D. HICKS, | ) ) ) | |
| Defendant | ) | |

OPINION and ORDER

On May 9, 2005, the court granted SFG Equipment Leasing Corporation's motion for judgment on the issue of liability, and SFG is now before the court seeking summary judgment on the issue of damages. SFG properly advised Ben Hicks, who is representing himself, of his obligation to respond to the summary judgment motion, but Mr. Hicks hasn't filed a response and the time for doing so has passed. For the reasons that follow, the court grants SFG's motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). Once a summary judgment motion is filed, the burden shifts to the non-moving party – in this case Mr. Hicks – to show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial. Liu v. T &

H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999). To successfully oppose the motion, Mr. Hicks must present definite, competent evidence in rebuttal. Salvadori v. Franklin School Dist., 293 F.3d 989, 996 (7th Cir. 2002). When no response is filed, summary judgment may be entered against the non-moving party. FED. R. CIV. P. 56(e).

    1st Source Bank and Ben Hicks Aviation entered into a loan security agreement in August 2000, under which 1st Source loaned the company more than $2,275,000 for its purchase of an aircraft. When Ben Hicks Aviation failed to repay the loan, Mr. Hicks, as personal guarantor on the agreement, became liable for the amount due and owing under the security agreement. According to SFG, Mr. Hicks has refused to repay the debt.

    In February 2004, Ben Hicks Aviation surrendered the aircraft to SFG, and SFG immediately began to market the aircraft. After ten months of advertising and pursuing leads, SFG accepted an offer of $625,500, which was credited to Mr. Hick's outstanding debt. SFG contends that as of April 1, 2005, Mr. Hicks still owes SFG at least $1,455,393, consisting of $1,411,858 in unpaid principle, $16,314 in unpaid interest, $1,584 in unpaid late fees, $25,637 in attorneys' fees and expenses, and interest continuing to accrue at the rate of $273.25 per day since April 1, 2005 (an amount not calculated into the $1,455,393 figure). SFG says it is entitled to judgment on the issue of damages because Mr. Hicks has waived any defenses related to the reasonableness of SFG's disposition of the

aircraft under Indiana Code § 26-1-9.1-626(1) and Indiana Code § 26-1-9.1-627(b).

Under Indiana law, once a party defaults, a secured party may take possession of the collateral, IND. CODE § 26-1-9.1-609(a)(1), and "sell . . . or otherwise dispose of any or all of the collateral." IND. CODE § 26-1-9.1-610(a). The secured party must then apply the proceeds of the disposition, first, to "the reasonable expenses of retaking, holding, preparing for disposition, processing, and disposing, and, to the extent provided for by agreement and not prohibited by law, reasonable attorney's fees and legal expenses incurred by the secured party," IND. CODE § 26-1-9.1-615(a)(1), and, second, to satisfy the "obligations under the security interest." IND. CODE § 26-1-9.1-615(a)(2).

SFG maintains its actions related to the sale of the aircraft were reasonable and appropriate based on the plane's condition, and Mr. Hicks hasn't challenged SFG's claims in this regard. SFG has set forth the second affidavit of Richard Rozenboom, Vice President of 1st Source Bank and SFG, in support of its claims, and Mr. Hicks hasn't refuted Mr. Rozenboom's statements or come forward with any contrary evidence. Pursuant to applicable Indiana law, SFG was entitled to take possession of the aircraft after Mr. Hicks failed to make the agreed payments, and based on his default on the security agreement, Mr. Hicks is liable for the resulting damages.

SFG's motion for partial summary judgment on the issue of damages [docket # 55] is GRANTED. The clerk is directed to enter judgment in favor of SFG Equipment Leasing Corporation I and against Ben D. Hicks in the amount of

3

$1,455,393, consisting of $1,411,858 unpaid principal, $16,314 unpaid interest, $1,584 unpaid late fees, $25,288 attorney fees, and $349 litigation expenses, plus interest on the $1,455,393 figure accruing at the rate of $273.25 per day from April 1, 2005 to the date of this judgment.

    SO ORDERED.

    ENTERED:   October 25, 2005

                                  /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court